**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA (CHARLESTON)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| Jeffrey Charles Chastain and | ) | Case No. 13-01146-hb |
| Marsha Elrod Chastain, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtors. | ) | |

**STRATEGIC DIVERSIFIED REAL ESTATE HOLDINGS, LLC'S RESPONSE TO OBJECTION TO CLAIMS**

Strategic Diversified Real Estate Holdings, LLC (the "Lender") hereby files its response (the "Response") to the omnibus Objection to Claims ("Claim Objection"), [Doc. No. 105], filed by the debtors Jeffrey Charles Chastain and Marsha Elrod Chastain (the "Debtors") in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case").

**I.   FACTUAL AND PROCEDURAL HISTORY**

1. On February 27, 2013 (the "Petition Date"), the Debtors filed their voluntary petition under chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), thereby commencing their Bankruptcy Case.

**The Loan Transaction**

2. On or about September 26, 2003, Collins Park Holdings, LLC (the "Borrower") executed and delivered a Promissory Note dated as of September 26, 2003 (the "Note") to LaSalle Bank National Association (the "Original Lender") to evidence a loan made to the Borrower in the original principal amount of $4,500,000.00 (the "Loan"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

7427612-v1

3. The Note is secured by, among other things, that certain Mortgage, Security Agreement and Fixture Filing dated as of September 23, 2003 (as assumed, amended and modified from time to time, the "Mortgage"), pursuant to which the Lender holds a valid and perfected first priority lien on and security interest in all of the Borrower's real and personal property, fixtures and improvements (as more particularly described in the Mortgage, the "Property"). A true and correct copy of the Mortgage is attached hereto as **Exhibit B.**

4. Pursuant to that certain Assignment of Leases and Rents dated September 23, 2003, executed by the Borrower in favor of Original Lender (as assumed, amended and modified from time to time, the "Assignment of Rents"), the Borrower absolutely and unconditionally transferred and conveyed to Original Lender, its successors and assigns, all right, title and interest in and to all Leases and Rents as defined therein. A true and correct copy of the Assignment of Rents is attached hereto as **Exhibit C**. The Borrower was granted a revocable license to collect the Rents, which license terminated automatically upon the occurrence of an "Event of Default" under the Loan Documents. See Ex. C (Assignment of Rents) at § 3.1.

5. Pursuant to a Guaranty dated September 26, 2003, the Debtors irrevocably and unconditionally guaranteed payment and performance of those certain "Guaranteed Obligations" (as defined in the Guaranty). A copy of the Guaranty is attached hereto as **Exhibit D**. The Note, Mortgage, ALR, Guaranty and all related loan and security documents shall be collectively referred to herein as the "Loan Documents."

6. The Lender is the current holder of and beneficiary under the Note and all other Loan Documents, holds a valid and perfected first priority lien and security interest in the Property, and is the owner of the Rents, pursuant to a series of assignments, as follows:

      a.    An Allonge to Promissory Note from the Original Lender to Wells Fargo Bank Minnesota, N.A. as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C9 ("<u>Wells Fargo, as Trustee</u>"), a copy of which is attached hereto as **Exhibit E**;

      b.    An Allonge from Wells Fargo Bank, N.A., successor-by-merger to Wells Fargo, as Trustee, to U.S. Bank National Association, N.A., as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C9 (the "<u>Trust</u>"), a copy of which is attached hereto as **Exhibit F**;

      c.    A Corrected Assignment of Mortgage, Security Agreement and Fixture Filing dated as of December 23, 2003, which was duly recorded on March 7, 2005 in Book A528, Page 782 of the Official Records, a copy of which is attached hereto as **Exhibit G**;

      d.    An Assignment of Mortgage, Security Agreement and Fixture Filing dated as of March 31, 2009, which was duly recorded on August 13, 2009 in Book 0075, Page 120, a copy of which is attached hereto as **Exhibit H**;

      e.    A Corrected Assignment of Assignment of Leases and Rents dated as of December 23, 2003, which was duly recorded on March 7, 2005 in Book C528, Page 240 of the Official Records, a copy of which is attached hereto as **Exhibit I**;

      f.    An Assignment of Assignment of Leases and Rents dated as of March 31, 2009, which was duly recorded on August 13, 2009 in Book 0075, Page 121 of the Official Records, a copy of which is attached hereto as **Exhibit J**;

      g.    An Allonge to Promissory Note from the Trust to Strategic, a true and correct copy of which is attached hereto as **Exhibit K**;

  h. An Assignment of Mortgage, Security Agreement and Fixture Filing from the Trust to Strategic, a true and correct copy of which is attached hereto as **Exhibit L**;

  i. An Assignment of Assignment of Leases and Rents from the Trust to Strategic, a true and correct copy of which is attached hereto as **Exhibit M**; and

  j. An Assignment and Assumption of Assigned Rights and Obligations from the Trust to Strategic, a true and correct copy of which is attached hereto as **Exhibit N**.

### The Events of Default, Foreclosure, and Receivership

7. As result of a miscalculation in the amounts due to be escrowed for insurance payments under the Loan Documents, for approximately fourteen (14) months prior to June 2011, the Borrower made significantly lower monthly payments on account of the Loan, resulting in an insurance escrow shortage of $52,657.70. See **Exhibit O** (Judgment) at ¶ 12.

8. As a result of the miscalculation and resulting lower payments, the Borrower retained more than $3,000.00 per month in extra revenue over the 14-month period preceding June 2011 – revenue that should have been paid to the Lender. See Ex. O (Judgment) at ¶ 11.

9. In June 2011, after disputing the amounts required to make up the insurance shortfall, the Borrower ceased making any payments under the Loan Documents, and did not make a single pre-petition payment thereafter. See Ex. O (Judgment) at ¶ 15.

10. Accordingly, pursuant to its rights under the Loan Documents, by letter dated October 10, 2011 (the "Default Notice"), the Trust, the former holder of the Loan Documents, notified the Borrower of its default under the Loan Documents, accelerated the maturity of the Note, demanded payment in full of all obligations due thereunder, and revoked Borrower's right to collect the Rents. A true and correct copy of the Default Notice is attached hereto as **Exhibit P**. In spite of the Default Notice, the Borrower failed and refused to pay the amounts due under

the Note and other Loan Documents.  See Ex. E (Judgment) at ¶ 17.

11. On December 15, 2011, the Trust filed an action in the Court of Common Pleas of Charleston County, South Carolina (the "State Court"), seeking foreclosure under the Loan Documents and the appointment of a receiver to safeguard the Property prior to foreclosure.

12. On May 16, 2013, the State Court entered an Order of Judgment, Decree of Foreclosure and Appointment of Receiver (the "Judgment").  Among other things, the State Court held that:   (i) the Borrower is in default under the Loan Documents; (ii) the Borrower owes the Lender $5,119,304.47 plus interest accruing since March 31, 2013 and additional attorneys' fees and costs; and (iii) the Lender is entitled to foreclose.  See Ex. O (Judgment) at pp. 6-11.

13. The Borrower commenced a Chapter 11 case on May 17, 2013.[1]

14. Pursuant to the Guaranty, the Debtors became liable for "any loss, liability, damage, cost, expense, claim or other obligation (including, without limitation reasonable attorney's fees and costs of defense) incurred or suffered by Lender and arising out of or in connection with" the Borrower's bankruptcy filing on May 17, 2013.  See Ex. D (Guaranty) at § 1.2(e).

15. On July 11, 2013, the Trust timely filed Proof of Claim No. 24-1 (as amended, the "Proof of Claim") to assert its claim against the Debtors.  On October 24, 2013, the Proof of Claim was amended to provide notice that the Loan and the Loan Documents had been assigned to Lender.  See Amended Proof of Claim No. 24-2.

## II.  ARGUMENT

The Debtors' assert three grounds for their objection to the Proof of Claim.  First, they

---

[1] See In re Collins Park Holdings LLC, Bankruptcy Case No. 13-02962-dd, pending in the United States Bankruptcy Court for the District of South Carolina.

5

"assert that the loan is a non-recourse guaranty and they are not liable to [Lender] in this matter." This assertion is plainly contradicted by the express language of the Guaranty.

The Debtors' obligations under the Guaranty, include, but are not limited to the obligation to pay all losses and damages incurred by the Lender in connection with the Borrower's bankruptcy case, and/or were triggered by the Borrower's bankruptcy filing on May 17, 2013. See Ex. D (Guaranty) at § 1.2(e). The Lender has incurred and will incur costs and damages as a result of the Borrower's bankruptcy filing. Pursuant to the Guaranty, the Debtors are liable for payment of these amounts. See Ex. D (Guaranty) at § 1.2.

Second, the Debtors assert that it appears that the Lender is trying to collect "interest upon interest." The basis for this assertion is unclear, but this assertion is factually incorrect. Interest and default interest are accruing on unpaid amounts, but do not accrue on any unpaid interest amounts.

Third, the Debtors question whether the Lender "is the real party in interest or has sold the loan and no longer has the right to be paid." As detailed above and in the amended Proof of Claim, the Loan and the Loan Documents were assigned to the Lender. The assignment did not extinguish any debt and the Debtors remain liable on the Guaranty.

**D.    CONCLUSION.**

WHEREFORE, based upon the foregoing and the entire record before the Court, the Lender respectfully requests that the Court enter an order denying the Objection as it relates to the Lender's claim, allowing the Lender's claim in full and granting such other and further relief as is just and appropriate under the circumstances of this Bankruptcy Case.

7427612-v1

Respectfully submitted this 26th day of November, 2013.

        VENABLE LLP

        /s/      Frederick W. H. Carter
        Gregory A. Cross
        Frederick W.H. Carter (admitted *pro hac vice*)
        750 East Pratt Street
        Suite 900
        Baltimore, Maryland 21202
        Tel.  (410) 244-7446
        Fax: (410) 244-7742
        fwhcarter@venable.com

        and

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC

        /s/      Brent B. Young
        Brent B. Young (FED ID No. 10140)
        100 Med Tech Parkway
        Suite 200
        Johnson City, Tennessee 37604
        Tel.   (423) 928-0181
        Fax:  (423) 979-7654
        byoung@bakerdoneslon.com

        **Counsel for Lender**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel registered to receive the same.

/s/ Brent B. Young
**Counsel for Lender**

7427612-v1